Garrett, Judge,
delivered the opinion of the court:
The subject matter of this controversy comprises certain claimed improvements in motor-driven well pumps. A single count is involved which reads as follows:
In a pump, the combination of: A shell arranged to be lowered into a well and providing a lubricant containing chamber; a motor situated in said chamber ; pump operating connections in said chamber, driven by said motor; a *913 pump connected with and operated by said connections; and means for placing said lubricant in said chamber under a pressure substantially equal to .the pressure outside said shell.
This count appeared as claim 3 in a patent, No. 1736094, granted to Schmidt November 19, 1929, upon an application filed December $, 1924. At the time of the filing of Schmidt’s application and at the time of the grant of the patent there was pending in the Patent Office an application by Sessions, Serial No. 476092 filed June 8, 1921, for motor pump.
Sessions copied the claim 3; interference was duly declared; order having been issued upon Schmidt to show cause why judgement upon the record should not be issued against him, he moved to dissolve the interference on the ground that Sessions had no right to make the count; the Examiner of Interferences held that Sessions might make the count and awarded priority to him; appeal was taken to the Board of Appeals of the United States Patent Office; the decision of the examiner was reversed, awarding priority to Schmidt. Sessions thereupon took the instant appeal to this court.
Under the state of the record the question of priority rests solely upon the ancillary one of Sessions’ right to make the count and that is the primary issue before us.
The specification of Schmidt’s application recites that the claimed invention “ relates particularly to pumping equipment employed in the oil producing industry.” His device is intended for use in deep wells primarily for the pumping of oil to the surface. The device of Sessions, on the other hand, is apparently for the pumping of water from “ bored wells, small pits, and the like ” of the ordinary shallow type.
It seems apparent that both parties had generally in mind some of the problems incident to constructing pump and motor for operating same in a manner which would admit of their submersion as a unit.
Schmidt’s specification, among other things, says:
It is an object oí my invention to provide pumping equipment in which the pumping apparatus and the pump actuating mechanism are made in a unit, this unit being lowered into the well.
Sessions’ specification recites:
The invention relates to a combined pump and motor which may be submerged in the water to be pumped without injury to the motor * * *.
Both parties have motor-operated pumps, the motors, or operating-mechanisms, being enclosed with the pump features, but Schmidt provides a “ lubricant containing chamber ” as called for by the count, with means for placing the lubricant therein under a pressure which is equal to the pressure on the exterior of the casing.
*914 Sessions shows two chambers that contain lubricants, but these are in the motor itself as distinguished from the lubricant containing chamber of Schmidt located in the shell of Schmidt. The oil in one of Sessions’ chambers lubricates the shaft bearings of the motor while the motor field bearings are immersed in the oil of the other' chamber.
Obviously, we think, these chambers of Sessions were not intended to perform, and do not perform, the same function with reference to hydrostatic pressure as is performed by the lubricant chamber of Schmidt. They are placed in an entirely different relation to the device, as a whole, from the relation in which Schmidt’s chamber is placed and were created for different purposes.
In Sessions the only oil containing chambers shown are features of, and are within, the motor structure. In Schmidt the motor structure is within the lubricant containing chamber. In Sessions whatever resistance there may be to hydrostatic pressure is apparently just the resistance which keeps the water out of the motor casing; in Schmidt the pressure is for the protection of the shell in which the lubricant containing chamber is situated, being “ substantially equal to the pressure outside the shell.”
We do not overlook the familiar rule as to broad construction of counts in an interference proceeding. This rüle has been often stated to be that the counts are to be given the broadest construction reasonably permissible under whatever limitations they may contain. The word “ reasonably ” may not be deleted in applying the rule, and express limitations may not be disregarded. Harris v. Henry, 20 C. C. P. A. (Patents) 883, 63 F. (2d) 120.
A careful study of the drawings and specifications of the respective parties convinces us that when the count is reasonably interpreted and the limitations properly regarded, it must be held, as was held by the Board of Appeals, that “ Sessions does not disclose a construction which aptly responds to the terms of the count.”
The decision of the Board of Appeals is affirmed.